IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                          CR 01-500-RE

                    Plaintiff,                    OPINION AND ORDER

          v.

CHESTER WILLIAM FRIEND, Jr.,

                    Defendant.

_____

REDDEN, Judge:

          On June 4, 2002, Defendant Chester W. Friend, Jr. pled guilty to conspiracy to

possess with intent to distribute over 50 kilograms of marijuana.  On October 16, 2002,

the Court sentenced Defendant to a 60-month prison term, and ordered Defendant to

forfeit $400,000 to the United States pursuant to 21 U.S.C. § 853(a), as proceeds of

Defendant's criminal activity.  As part of his plea agreement, Defendant agreed to make

payments to satisfy the $400,000 money judgment according to the following payment

schedule:

                    1. $100, 000 on or before the date of sentencing;

PAGE 1 – OPINION AND ORDER

2. $50,000 on or before January 31, 2003;

3. $100,000 on or before January 31, 2004;

4. $100,000 of or before January 31, 2005;

5. $50,000 on or before January 31, 2006.

Defendant paid $100,000 at sentencing, and agreed to provide the United States with lien on Defendant's real property located in Clackamas County as security for the remaining debt.  Since his sentencing in October 2002, however, Defendant has paid only $60,000, and has not made any payment since September 28, 2004.  Defendant is now in default on the remaining balance of $240,000.

On April 21, 2006, the United States moved to seize Defendant's real property and substitute it for Defendant's debt pursuant to 21 U.S.C § 853(p), which allows for substitute forfeiture in criminal forfeiture cases.  On April 24, 2006, the Court granted the governments motion.  On April 27, 2006, the Court issued an Amended Order to Seize and Substitute Asset to correct a clerical error relating to the address of Defendant's real property.   The Court indicated that a Final Order of Forfeiture would be entered pending disposition of any petitions filed by the Defendant.

On May 11, 2006, Defendant filed a motion and memorandum opposing the government's motion to seize and substitute Defendant's real property, and seeking an order vacating the Court's April 27, 2006 Order.  Defendant argues that the Court's Order to Seize and Substitute Asset violated his Due Process rights under the Fifth Amendment because Defendant was not given notice or any meaningful opportunity to be heard prior to the entry of the Order.  Defendant also argues that 21 U.S.C § 853(p) does not apply to Defendant's real property in this case.  Rather, Defendant argues,

PAGE 2 – OPINION AND ORDER

because his debt is fully secured by the lien on his real property, the government must

foreclose on the lien.  Defendant also requests that the Court stay any final order for a

reasonable period of time to allow Defendant to cure the default.

## **Legal Background**

The criminal forfeiture statute, 21 U.S.C. § 853(a), provides:

> Any person convicted of a violation of this subchapter or subchapter II of
> this chapter punishable by imprisonment for more than one year shall
> forfeit to the United States, irrespective of any provision of State law–
>
> (1) any property constituting, or derived from, any proceeds the person
> obtained, directly or indirectly, as the result of such violation; . . .

Forfeited property may be the funds which represent the proceeds of drug

trafficking, or the forfeiture may be in the form of a money judgment if the defendant has

no assets.  United States v. Casey, 444 F.3d 1071, 1074 (9th Cir. 2006)  To satisfy a

money judgment, a court may order the forfeiture of "any other property of the

defendant" when:

> any of the property described in subsection (a) of this section, as a result
> of any act or omission of the defendant–
> (1) cannot be located upon the exercise of due dilligence;
> (2) has been transferred or sold to, or deposited with, a third party;
> (3) has been placed beyond the reach of the jurisdiction of the court;
> (4) has been substantially diminished in value; or
> (5) has been comingled with other property which cannot be divided
> without difficulty; . . .

21 U.S.C. § 853(p).  See also United States v. Carroll, 346 F.3d 744, 749 (7th Cir. 2003)

(defendant may be ordered to forfeit all he owns as a substitute asset to satisfy a money

judgment).

PAGE 3 – OPINION AND ORDER

## The Court's Order Does Not Violate Defendant's Due Process Rights

The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law."  Defendant argues that he was denied due process because he was not given a meaningful opportunity to be heard before the Court ordered the seizure of his property.  Defendant cites several cases for the proposition that an individual must receive notice and an opportunity to be heard before the government deprives them of property.  See, e.g., Fuentes v. Shevin, 407 U.S. 67, 82 (1972) (pre-judgment replevin statute violated due process).  None of the cases Defendant cites, however, address post-judgment seizures or substitute assets.  As the United States points out, Defendant was afforded due process throughout his criminal proceedings, and he ultimately entered a plea agreement, waiving any further rights and agreeing to forfeit $400,000 in proceeds from his criminal activity.

Under Federal Rule of Criminal Procedure 32.2(e), the government could have sought to execute that judgment upon the Court's entry of judgment.  Defendant negotiated a payment schedule with the government, allowing him time to pay.  Defendant failed to pay.  Despite that failure, the government was patient, and gave Defendant additional time beyond that agreed.  Defendant still failed to pay his debt, however, and has not made any payment for two years.  The government has given Defendant more than a reasonable amount of time to cure the default, and I decline to stay the Court's April 27, 2006 Order.  The government is entitled to execute the money judgment agreed to by Defendant without further delay.

PAGE 4 – OPINION AND ORDER

## The United States is Entitled to Substitute Forfeiture Under 21 U.S.C. § 853(p)

Under the criminal forfeiture statute, if "<u>any</u> property [forfeited as proceeds of criminal activity] as a result of any act or omission of the defendant . . . cannot be located", the Court shall order the forfeiture of "<u>any other property</u> of the defendant." 21 U.S.C. § 853(p) (emphasis added).  Defendant argues that the provisions of § 853(p) do not apply here because the United States knows the location of Defendant's real property, it has not been transferred or placed beyond the jurisdiction of the court, and the property has neither diminished in value nor has it been comingled with other property. <u>See</u> <u>id</u>. § 853(p)(1)(A)–(E).  The original asset Defendant forfeited was not the real property, however, but the $400,000 in drug trafficking proceeds.  Presumably neither the government nor Defendant has been able to locate the remaining $260,000 in drug trafficking proceeds that Defendant still owes the government, otherwise he would have paid the judgment debt.  Further, Defendant's real property certainly qualifies as "any other property," which the government may seize as a substitute in order to satisfy the judgment.  <u>Id</u>. § 853(p)(2).

## Conclusion

Having considered the briefs of the parties, and for the reasons stated above, I conclude that there is no basis for disturbing the Court's April 27, 2006 Order to seize Defendant's real property and substitute it for Defendant's ordered forfeiture pursuant to 21 U.S.C. § 853(a), (p).  The United States is hereby ordered to seize the real property belonging to defendant Chester William Friend Jr.–described in the Court's April 27, 2006 Amended Order to Seize and Substitute Asset, attached and incorporated

PAGE 5 – OPINION AND ORDER

herein–and it is hereby ordered forfeited to the United States for disposition in accordance with this Court's April 27, 2006 Order.

IT IS SO ORDERED this 6th day of July, 2006.


/s/James A. Redden
James A. Redden
Senior United States District Judge

FILED'06 APR 28 13:27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 01-500-RE |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED ORDER |
| v. | ) | TO SEIZE AND |
| | ) | SUBSTITUTE ASSET |
| CHESTER WILLIAM FRIEND JR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Based upon the United States' motion and memorandum, the United

States is ordered to seize the following real property belonging to defendant

Chester William Friend Jr., and it is hereby ordered forfeited to the United States

for disposition in accordance with the law, subject to the provisions of 21 U.S.C.§

853(n) and Rule 32.2(e) of the Federal Rules of Criminal Procedure:

> Real property, together with its buildings, appurtenances,
> improvements, fixtures, attachments and easements, commonly
> known as **28238 Baurer Road, Colton, Oregon**, consisting of tax
> lots 400, 600 and 603, in Clackamas County and more particularly
> described in Exhibit A, attached and incorporated herein .

The forfeited property is to be held by the United States Customs and Border Protection Service in its secure custody, or, as may be necessary, the United States Customs and Border Protection Service may appoint a substitute custodian, and is authorized to maintain and otherwise provide for the care of the property during the pendency of this action.

Pursuant to 21 U.S.C. § 853(n)(1), the United States Customs and Border Protection Service shall publish in a newspaper of general circulation, notice of this order, notice of the Customs and Border Protection Service's intent to dispose of the property in such manner as the Secretary of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

ANY HEARING on a petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty (30) days of the filing of the petition.  The Court may consolidate the hearing on a petition with any other hearings requested on any other petitions filed by any other person other than the

PAGE 2 - AMENDED ORDER TO SEIZE AND SUBSTITUTE ASSET

defendant named above.

Petitioners have a right at the hearing to testify and present evidence and witnesses on their own behalf and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal case which resulted in the Final Order of Forfeiture.

If, after the hearing, the Court determines that the petitioner has established by a preponderance of the evidence that: (a) the petitioner has a legal right, title or interest in the real property, and such right, title or interest renders the Final Order of Forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture, the Court shall amend the Final Order of Forfeiture in accordance with its determination.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the real property that is

PAGE 3 - AMENDED ORDER TO SEIZE AND SUBSTITUTE ASSET

the subject of this Amended Order to Seize and Substitute.

Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication, this Court shall enter a Final Order of Forfeiture as to this real property, to sell the property, pay the costs of the seizure and sale, pay any recognized third-party claims, pay the government $240,000 to satisfy the judgment in this matter and pay any excess proceeds to the defendant.

IT IS SO ORDERED this _____ day of April, 2006.


JAMES A. REDDEN
United States District Judge


PRESENTED BY:

KARIN J. IMMERGUT
United States Attorney


LESLIE J. WESTPHAL
Assistant United States Attorney


PAGE 4 - AMENDED ORDER TO SEIZE AND SUBSTITUTE ASSET

EXHIBIT "A"

PARCEL I

Part of the North one-half of Section 26, Township 4 South, Range 3 East, of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

Beginning at the one-quarter corner on the North line of said Section 26; thence South 88 feet along the West line of the Northeast one-quarter of said Section; thence East 495 feet; thence South parallel with the West line of the Northeast one-quarter of said Section, 1080 feet to the southeast corner of a tract described in Deed to James R. Jones and wife, Recorded June 26, 1981 as Recorder's Fee No. 81 22533, and the true place of beginning; thence West parallel with the North line of Section 26, a distance of 1825.68 feet, more or less, to the East line of the West one-half of the Northwest one-quarter of said Section 26; thence North 48 feet, more or less, to the Southeast corner of a 20 foot strip of land described in Deed to James R. Jones and wife, Recorded August 6, 1982 as Recorder's Fee No. 82 21813; thence West along the South line of said Jones tract 1320 feet, more or less, to the West line of said Section 26; thence South along said West line to the Northwest corner of a tract described in Deed to Arlen E. King and wife, Recorded May 5, 1969 as Recorder's Fee No. 69 7814, Deed Records; thence East along the North line of said King Tract, 1320 feet, more or less, to the Southwest corner of a tract described in Deed to John B. Apilado and wife, Recorded June 30, 1977, Fee No. 77 25663; thence North along the West line of said Apilado Tract 614 feet to the Northwest corner thereof; thence East along the North line of said Apilado Tract 355 feet to the Northeast corner thereof; thence South along the East line of said Apilado Tract 614 feet to the North line of the aforementioned King Tract; thence East along the North line of the King Tract, 503 feet, more or less, to the Northeast corner of said King Tract; thence South along the East line of said King Tract 400 feet to the South line of the Northwest one-quarter of said Section 26; thence East along said South line to the center of said Section 26; thence North along the West line of the Northeast one-quarter of said Section 26, a distance of 1320 feet, more or less, to the Northwest corner of the Southwest one-quarter of the Northeast one-quarter of said section 26; thence East along the North line of said Southwest one-quarter of the Northeast one-quarter, 495 feet to the most Easterly Southeast corner of the tract described in Deed to Hester Morrison Recorded June 26, 1967 in Book 692, page 387; thence North along the East line of said Morrison Tract, 151 feet, more or less, to the true place of beginning.

EXCEPT therefrom that portion described in Deed to Florence A. Rebmen, Recorded June 19, 1961 in Book 588, page 223, Deed Records.

FURTHER EXCEPTING therefrom that portion described in Deed to John B. Apilado, Recorded January 2, 1985 as Recorder's Fee No. 85-00020, more particularly described as follows:

A Parcel of land situated in the Northeast one-quarter of Section 26, Township 4 South, Range 3 East, Willamette Meridian, in the County of Clackamas and State of Oregon. Said Parcel being more particularly described as follows:

Commencing at the one-quarter corner on the West line of the said Section 26; thence North 0°21'00" West, along the West line of said Section 26, 400.00 feet to the Northwest corner of a tract of land described in Deed to Arlen E. King, et ux, Recorded May 5, 1969 as Recorder's Fee No. 69-7914; thence, South 89°47'45" East, along the North line of said King Tract, 1231.83 feet to the TRUE POINT OF BEGINNING of Parcel to be herein described; thence, North 0°27'12" West 614.00 feet; thence South 89°47'45" East 100.00 feet to the Northwest corner of a tract of land described in Deed to John B. Apilado, et ux, Recorded June 30, 1977 as Recorder's Fee No. 77-25663; thence South 0°27'12" East along West line of said Apilado Tract, 614.00 feet to the North line of the aforementioned King Tract, said also being the Southwest corner of said Apilado Tract; thence North 89°47'45" West along the North line of said King Tract 100.00 feet to the true point of beginning.

Exhibit _A_

Page _1 of 2_

EXHIBIT "A" continued
Page 2

PARCEL II

A part of the Northwest one-quarter of Section 26, Township 4 South, Range 3 East of the Willamette
Meridian, in the County of Clackamas and State of Oregon, described as follows:

Beginning at South Baurer Road at the Northwest corner of that certain property described in Contract of
Sale between Hester Morrison Bagley and Melvin C. Long and Elaine C. Long, husband and wife, Dated
January 1, 1984 and Recorded January 26, 1984 as Recorder's Fee No. 84-03141; thence East along the
North line of said Tax Lot for a distance of approximately 1320 feet to the West line of that Parcel of land
Deeded to James R. Jones and Dorothy A. Jones, husband and wife, by John H. Bagley and Zelda Hester
Bagley, formerly Hester Morrison, husband and wife, recorded June 26, 1981 as Recorder's Fee No. 81-
22533; thence North 20 feet along the West boundary of said Jones Parcel to a point, thence West
approximately 1320 feet to South Baurer Road, thence South along the boundary of South Baurer Road to
the point of beginning.

Exhibit A
Page 2 of 2